Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Richard R. Barker
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEWIS PATRICK MARCHAND,<br><br>Defendant. | No. 2:22CR00136-MKD-1<br><br>UNITED STATES' SENTENCING RECOMMENDATION AND MEMORANDUM |

The United States of America, by and through the United States Attorney Vanessa R. Waldref and Assistant United States Attorney Richard R. Barker, respectfully submits the following sentencing memorandum. For the reasons stated below, and consistent with the parties' plea agreement, the United States respectfully asks the Court to sentence Defendant, Lewis Patrick Marchand, to 15 months' imprisonment to be followed by 3 years' supervised release.

**INTRODUCTION**

This case involves arson of an abandoned building on the Coville Indian Reservation. By all accounts, Defendant became frustrated with illegal activities taking place in and around an abandoned lodge, near Defendant's home. Unsatisfied with the lack of law enforcement response, Defendant took the law in his own hands. He filled gas can with gasoline and set the building, the old Moose Lodge, ablaze.

UNITED STATES' SENTENCING MEMORANDUM– 1

Fortunately, no one was hurt during the incident, though the fire occurred in a mix-residential area, where a number of homes were put at risk.

As set forth herein, the United States appreciates that Defendant had understandable, albeit misguided, concerns about the Moose Lodge and the activities taking place inside. Defendant, however, was on federal supervision when he set the Lodge on fire, and he has a concerning criminal history. There also is a significant hazard in allowing civilians to engage in dangerous acts, even when their motive is pure. Accordingly, the United States recommends 15 months' incarceration, followed by 3 years of supervised release. The United States also recommends that the 15 month sentence and any penalty for Defendant's pending supervised release violations be served concurrently.

## STATEMENT OF FACTS

On September 22, 2022, the Colville Tribal Police Department responded to a fire at the old Moose Lodge, located at 303 Edmonds Street, Omak, Washington. ECF No. 37 at ¶9. The fire had been started by Defendant Lewis Patrick Marchand. *Id.* at ¶12. Video footage from the nearby Tribal Trails Gas Station depicts Defendant pulling into the Tribal Trails in a 2012 Gold Camry, where he then filled a red 5-gallon can with gasoline. *Id.* at ¶15. Within just a few minutes of departing, Defendant appears on security footage entering the Moose Lodge, where he remained for more than a minute – presumably spreading gasoline and confirming no civilians were inside. *Id.* at ¶¶12-13. Defendant then appears, again on video, lighting an unknown object. *Id.* Defendant tosses the object into the building and leaves as smoke began to appear. *Id.* Investigators located the red gas can, clothing Defendant was wearing in the surveillance videos, and the 2012 Camry at Defendant's residence. *Id.* at ¶20. At the time of his arrest five days after the fire, Defendant told police "It's my fault for being in this situation. I don't regret it at all." No. 37 at ¶18. Below are photographs of the arson:

UNITED STATES' SENTENCING MEMORANDUM– 2

 

Taking a step back from the offense itself, Defendant had lived down the street from the Moose Lodge at the time he lit it on fire. *See id.* at ¶19. The Lodge, which is owned by Norma Sanchez, had been condemned, but people kept breaking in. *Id.* at ¶22. Having fallen into disrepair, the Old Moose Lodge, which previously had been a gathering center on the Colville Reservation, became a known "trap house," or a place where illegal drugs were sold. *Id.* at ¶9. Defendant had notified authorities about the illicit activities and had become dissatisfied with the lack of response from law enforcement. *Id.* After the fire was ignited, it began spreading to nearby dry grass and a surrounding wood fence. *Id.* at ¶22. Residents in the area had to hose down their yards and buildings for fear that the blaze would spread to their own properties. *See* Ex. 1 at 5 (Bates No. 00000008). The fire destroyed the Moose Lodge, which was declared a complete loss. ECF No. 37 at ¶10.

As set in further detail below, Defendant's conviction for Arson in Indian Country is the latest of Defendant's many run-ins with the law. Defendant has a substantial criminal history, and he was under supervised release at the time he started the fire. *Id.* at ¶ 47-109.

## DISCUSSION

### I. SENTENCING CALCULATIONS

The United States agrees with the well-reasoned and thoughtful Presentence Investigation Report authored by U.S. Probation Office Cassie Lerch. *See* ECF No. 37. Based on a total offense level of 17, a criminal history score of 4, and a criminal

UNITED STATES' SENTENCING MEMORANDUM– 3

history category of III, the government agrees that the advisory guideline calculation is 30-37 months' imprisonment. ECF No. 37 at ¶131. While the government agrees with these calculations, the United States submits that the Guideline Range does not adequately reflect the nature of the offense in light of the totality of the circumstances. The United States therefore requests a downward adjustment and a sentence of 15 months' incarceration.

## II.     SENTENCING DEPARTURE/VARIANCE

The United States is requesting a 15 month sentence. Such a sentence in this case is appropriate under 18 U.S.C. § 3553(a) for 3 primary reasons: (1) the lack of any physical harm to persons in or around the building, (2) Defendant's efforts to ensure the building was free of occupants, and (3) Defendant's motivations to protect his community from illegal drug trafficking. Additionally, the Court may consider, as noted by U.S. Probation, Defendant was largely in compliance with his supervised release at the time he committed the instant offense. ECF No. 37 at ¶149.

## III.    SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

In determining the appropriate sentence, the Court should consider the factors set forth in 18 U.S.C. § 3553(a).

**A.     The nature and circumstances of the offense and the history and characteristics of the defendant**

The nature and circumstances of this offense demonstrate that 15 months in federal custody is appropriate. Defendant set a building on fire in a residential neighborhood in Indian Country, endangering neighbors, their property, and the well-being of the community. There must be consequences for such actions, especially given Defendant's criminal history. *See* ECF No. 37 at ¶¶47-109. Here, Defendant went through the intention motions of filling a gas can, driving to the Lodge, walking through the building, and setting it ablaze. No. 37 at ¶¶12-15. He undertook these deliberate acts despite that fact that Defendant was on supervised

UNITED STATES' SENTENCING MEMORANDUM– 4

release, and he even admitted that he did not regret his actions. *See* ECF No. 37 at ¶18. Again, Defendant's arson was a serious offense that puts his community at risk. Various homes are in the area where the Moose Lodge once stood, and these homes easily could have been damaged by the spreading fire.

Despite the hazard that Defendant created, his motivation appeared to stem from a desire to protect his community, rather than destroy it. The Moose Lodge was a condemned building that had fallen to disrepair. *Id.* at ¶22. Defendant lived near the Moose Lodge and observed regular illicit drug activity in and around the abandoned building. Defendant attempted to complain to authorities, but to no avail. While this certainly does not excuse or justify Defendant's actions, his apparent motivations should be considered in crafting the appropriate sentence.

**B.     The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment**

As stated, arson is a serious offense. Defendant's vigilantism has dangerous consequences for society. Fortunately for Defendant, no one was killed or otherwise physically harmed. Here, and in light of the reasons Defendant set the fire and his immediate statements to police implicating himself, a 15-month sentence sufficiently promotes a just punishment, while taking into account the seriousness of the offense and promoting respect for the law.

**C.     The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public**

Although Defendant has a criminal history, this case is somewhat unique. The motivation for the arson was to prevent crime and drug trafficking near Defendant's home. Nonetheless, to deter Defendant and members of his community that may share his frustrations from taking matters into their own hands, a period of at least some incarceration is necessary. Again, Defendant's action created a significant danger to his neighborhood and the Colville Reservation, which has suffered

UNITED STATES' SENTENCING MEMORANDUM– 5

Case 2:22-cr-00136-MKD    ECF No. 38    filed 06/13/23    PageID.316    Page 6 of 7

significant damage from wildfires – let alone from fires started by the general public. Additionally, while Defendant made statements at the time of his arrest incriminating himself, he also added that he did not regret what he had done. On this record, a sentence of 15 months is appropriate to ensure Defendant understands that he will face severe consequences if he again seeks to take the law into his own hands. The proposed term for 3 years of additional supervised release provides an extra layer of accountability to protect the public.

**D.    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**

The best way to ensure consistent sentences for similarly-situated defendants across courtrooms, districts, and the country is for courts to apply the Guidelines in the same manner everywhere. *See United States v. Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007); *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006); *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006). But diminishing sentencing disparities "depends . . . upon judicial efforts to determine, and to base punishment upon, the *real conduct* that underlies the crime of conviction." *United States v. Booker*, 543 U.S. 220, 250 (2005). "That determination is particularly important in the federal system where [some] crimes . . . can encompass a vast range of very different kinds of underlying conduct." *Id.* at 250–51.

Here, the proposed sentence is approximately one half of the bottom end of the applicable guidelines range. While a 15 month sentence reflects a significant downward adjustment, this case is not in the heartland of arson cases for which the Sentencing Guidelines were designed. In this case, Defendant checked the Lodge to ensure no one was inside and had understandable, albeit misguided, intentions for setting the fire. On this unique record, a sentence of 15 months is sufficient but not greater than necessary to satisfy the purposes of 18 U.S.C. § 3553(a).

UNITED STATES' SENTENCING MEMORANDUM– 6

## V. SENTENCING RECOMMENDATION

The United States recommends the Court impose a sentence of 15 months' incarceration, followed by 3 years' supervised release. Such a sentence adequately captures the nature and severity of Defendant's offense conduct, as well as the need to protect the public.

DATED this 13th day of June 2023.

Respectfully submitted,

Vanessa R. Waldref
United States Attorney

*s/ Richard R. Barker*
Richard R. Barker
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to counsel of record.

*s/ Richard R. Barker*
Richard R. Barker
Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM– 7